CROWN TAR AND CHEMICAL WORKS, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 8372.

United States Court of Appeals Tenth Circuit.

Aug. 26, 1966.

appointment of counsel in other than direct criminal appeals. Joyce v. United States, 1 Cir., 1964, 327 F.2d 531.

John S. Pfeiffer, Denver, Colo. (Isaacson, Rosenbaum, Goldberg & Miller, Denver, Colo., on the brief), for petitioner.

Melvin H. Reifin, Attorney, NLRB (Arnold Ordman, Gen. Counsel, NLRB, Dominick L. Manoli, Associate Gen. Counsel, NLRB, Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, Solomon I.

Hirsch, Attorney, NLRB, on the brief), for respondent.

Before MURRAH, Chief Judge, and JONES * and HICKEY, Circuit Judges.

JONES, Circuit Judge.

The management of the Petitioner, Crown Tar and Chemical Works, Inc., had reason to believe and did believe that an effort would be made at an early date to effect a union organization of its employees. For the purpose of thwarting such effort, if possible, the management of Crown determined that it would give its employees a pay increase of fifteen cents an hour. This decision was made in May, 1964.[1] Around the middle of June, Crown's superintendent, David Hahl, and its bookkeeper were informed that the raise would be made and would take effect the first week in July. The other employees were not then told of the impending wage increase. In the latter part of June the organizational effort got underway and a representative of the union [2] obtained signed authorization cards from eleven of Crown's fifteen employees.[3] During the last week in June,[4] in a conversation between Superintendent Hahl and employee Paul Velasquez, the superintendent was told that a union organizational movement was underway, and in the same conversation the superintendent informed Velasquez that everyone was getting a raise around the first of July. Velasquez informed his fellow employees of the raise.

On June 29 the president of the union wrote Crown advising that the union was authorized by a substantial majority of Crown's employees to represent them and requesting a meeting at the office of the union for the purpose of bargaining. On the same day that it wrote Crown, June 29, the union filed a representation petition with the regional of-

---

* Of the Fifth Circuit, sitting by designation.

1. All dates here mentioned are in 1964 unless otherwise indicated.

2. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 13.

3. Excluding office clerical employees, salesmen, guards, professional employees and supervisors.

4. The testimony is equivocal but the time is ascertained by the Trial Examiner and the Board upon credible and credited evidence.

fice of the National Labor Relations Board. Nothing happened on July 2. On July 7 a meeting was held in the regional office of the Board and an agreement was made for an election to be held on July 20. The union called a meeting of Crown's employees to be held at the union office on July 9. None of the employees appeared. On July 10 the employees received pay checks which included the fifteen cent per hour raise. On the same day, July 10, the union wrote a letter to each of the employees who had signed cards, requesting them to attend a meeting on July 16. Three employees appeared and from them the union representative learned of the pay raise. Another meeting of the union representative and three or four employees was had on the next day. The union man decided that it could not win the election and called it off. An unfair labor practice charge was filed.

In its complaint the union asserted its authorization as the bargaining representative of a majority of Crown's employees, its request that Crown bargain with it and the refusal of such request. The union charged that Crown, unilaterally and without bargaining or consulting with the union, granted a wage increase. It was stated that the acts done were in violation of Section 8(a) (5) and 8(a) (1) of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The Board found that Crown was guilty of the unfair labor practices with which it had been charged and directed that it cease and desist from further violations. The Board ordered Crown to bargain with the union and to post an appropriate notice. Before the Court is a petition of Crown to vacate and set aside the Board's order, with an alternative request that the Court direct that an election be held. The Board seeks the enforcement of its order.

■■ If Crown had put its wage increase into effect in May of 1964, when the decision to raise wages was made, the picture here would be altogether different. It waited until the organizational effort was underway and then, while in a position to refrain from granting the increase, and with knowledge of the union's activity and perhaps with knowledge of the union's claim to represent a majority, the increase was made effective. The granting of economic benefits by the unilateral action of an employer while union organizational efforts are underway, or while a representation election is pending, is a violation of Sections 8(a) (1) and 8(a) (5) of the Act, 29 U.S.C.A. §§ 158(a) (1), (a) (5). It follows that the employer must bargain with the union. National Labor Relations Board v. Exchange Parts Co., 375 U.S. 405, 84 S.Ct. 457, 11 L.Ed.2d 435; National Labor Relations Board v. Katz, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed.2d 230; Medo Photo Supply Corporation v. National Labor Relations Board, 321 U.S. 678, 64 S.Ct. 830, 88 L.Ed. 1007; National Labor Relations Board v. Brown-Dunkin Company, 10th Cir. 1961, 287 F.2d 17.

The order of the Board will be Enforced.